UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN PERRIDON, | ) | CV F- 04-6085 AWI DLB P |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | |
| MELLO, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### A.     Allegations of the Complaint

In the instant case, plaintiff brings action against the following individuals at CCI-Tehachapi: Warden Sullivan, Chief Deputy Warden Todd, Cpt. Lopez, Cpt. Ortiz, Lt. Ramos, Correctional Counselor Chapman, Correctional Officer Mello and Chief of Inmate Appeals Grannis.

Plaintiff, an African American inmate, alleges that on January 4, 2004, he was escorted to a classification hearing. Plaintiff alleges that at this time the facility was on lock-down due to previous altercations between Black and White inmates. Plaintiff states he was placed in a holding cell, which was left open. Plaintiff alleges that while in the holding cell, two White inmates entered the cell and assaulted him. Plaintiff alleges that during this time, Black and White inmates were to be escorted and separated due to the prior incidents. Plaintiff alleges that as a result of the attack, he sustained injuries for which he is still being treated. Plaintiff alleges that at the time, the area where the attack took place was under the security and control of defendant Mello and defendants Chapman and Lopez were present during the assault. Plaintiff contends defendants failed to protect him from physical harm. Plaintiff alleges that based on the circumstances, defendants had knowledge of the risk of harm to plaintiff and failed to take the minimal precautions required to protect him from the attack. Plaintiff contends that "as a result of the negligence exhibited by defendants," he sustained severe lower back injury, painful abrasions and painful effects from OC spray.

### B.     Failure to Protect Claim

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and

1  disregard an excessive risk to inmate health or safety." Id. at 837.

2  In the instant case, plaintiff merely alleges that defendants were negligent and indeed, the alleged behavior appears to be just that.  However, mere negligence is insufficient to state a claim under the Eighth Amendment.  There is no allegation that defendants knew that plaintiff was at risk of assault and disregarded that risk.  The complaint fails to state a claim for deliberate indifference to plaintiff's safety, therefore, it is dismissed with leave to amend.

Further, plaintiff fails to link defendants Todd, Ramos, Sullivan, Ortiz or Grannis to any conduct whatsoever.  While these defendants are named in the complaint, plaintiff fails to make any specific allegations against these defendants.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Because plaintiff has failed to link defendants Todd, Ramos, Sullivan, Ortiz or Grannis wih some affirmative act or omission, plaintiff has failed to state a claim for against these defendants.

### C.     Leave to file Amended Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint, provided that plaintiff can allege additional facts in good faith to state a claim. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

1  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
2  complaint be complete in itself without reference to any prior pleading.  This is because, as a
3  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
4  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
5  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
6  each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's complaint is dismissed; and

   2. Plaintiff is granted thirty days from the date of service of this order to file an
10 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
11 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
12 number assigned this case and must be labeled "Amended Complaint"; failure to file an amended
13 complaint in accordance with this order will result in dismissal of this action for failure to state a
14 claim and failure to comply with the court's order.

   IT IS SO ORDERED.

   Dated:   October 6, 2006                               /s/ Dennis L. Beck
   3b142a                                          UNITED STATES MAGISTRATE JUDGE