IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PERRIDON,<br><br>    Plaintiff,<br><br> v.<br><br>MELLO, et al.,<br><br>    Defendants. | 1:04-cv-6085-LJO DLB-P<br><br>**FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE**<br><br>**OBJECTIONS DUE IN TWENTY DAYS** |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

  On February 16, 2007, the court issued An Order reassigning this case to Judge O'Neill, and served said order on plaintiff. On March 1, 2007, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelopes indicated: Return to Sender - Unable to Forward - NOT DELIVERABLE AS ADDRESSED.

  Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides,

1  in pertinent part:

2     > If mail directed to a plaintiff <u>in propria
3     > persona</u> by the Clerk is returned by the U.S.
     > Postal Service, and if such plaintiff fails
     > to notify the Court and opposing parties
4     > within sixty (60) days thereafter of a
     > current address, the Court may dismiss the
5     > action without prejudice for failure to
     > prosecute.

6

7  In the instant case, more than sixty days have passed since

8  plaintiff's mail was returned, and he has not notified the court

9  of a current address.

10      In determining whether to dismiss an action for lack of

11  prosecution, the court must consider several factors: (1) the

12  public's interest in expeditious resolution of litigation; (2)

13  the court's need to manage its docket; (3) the risk of prejudice

14  to the defendants; (4) the public policy favoring disposition of

15  cases on their merits; and, (5) the availability of less drastic

16  sanctions. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir.

17  1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The court

18  finds that the public's interest in expeditiously resolving this

19  litigation and the court's interest in managing the docket weigh

20  in favor of dismissal. The court cannot hold this case in

21  abeyance indefinitely based on plaintiff's failure to notify the

22  court of his address.  The third factor, risk of prejudice to

23  defendants, also weighs in favor of dismissal, since a

24  presumption of injury arises from the occurrence of unreasonable

25  delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d

26  522, 524 (9th Cir. 1976).  The fourth factor -- public policy

27  favoring disposition of cases on their merits -- is greatly

28  outweighed by the factors in favor of dismissal discussed herein.

1  Finally, given the court's inability to communicate with
2  plaintiff based on plaintiff's failure to keep the court apprised
3  of his current address, no lesser sanction is feasible.
4     Accordingly, the court HEREBY RECOMMENDS that this action be
5  DISMISSED for plaintiff's failure to prosecute.
6     These Findings and Recommendation are submitted to the
7  United States District Judge assigned to the case, pursuant to
8  the provisions of Title 28 U.S.C. § 636(b)(l).  Within **THIRTY**
9  **(30) days** after being served with these Findings and
10 Recommendation, any party may file written objections with the
11 court and serve a copy on all parties.  Such a document should be
12 captioned "Objections to Magistrate Judge's Findings and
13 Recommendation."  Any reply to the objections shall be served and
14 filed within ten days after service of the objections.  The
15 parties are advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's
17 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18     IT IS SO ORDERED.
19     Dated:   **October 1, 2007**            **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

3